## Aliquippa Hospital Association

*Reed, Ewing & Ray*, for applicant.

SOHN, J., February 14, 1950.—We have before us articles of incorporation for a nonprofit corporation to be known as the Aliquippa Hospital Association. The purpose of the corporation set forth in the application is "To collect funds for the erection of a hospital in Aliquippa, to erect and equip the said hospital, and to operate and maintain the hospital after it is erected." Filed with the petition for incorporation are: (1) A certificate from the Commonwealth of Pennsylvania, Department of State, that the name "Aliquippa Hospital Association" is available for use by the proposed nonprofit corporation and has been duly registered; (2) Proofs of publication of the time and place of hear-

ing. No one, who opposed the granting of the charter, appeared at the time fixed for hearing, and no objections were filed to the granting of a charter.

A number of residents of Aliquippa, who represented various groups, appeared and testified in favor of granting a charter.

James R. Mays, of Philadelphia, Pa., a hospital consultant and the head of James R. Mays and Raymond R. Chatfield and Associates, made a preliminary survey since December 15, 1949, to determine if there was need for a hospital, and if so, what type of hospital was needed. He said he consulted with the proposed incorporators and based upon the state-wide survey mare of the need of all communities for hospitals, he can to the conclusion that there was needed, in addition ) the existing beds, between 100 and 180 beds to keep Beaver County up to the minimum standard established by the United States Public Health Service. He said the shortage of hospital beds in Beaver County was principally in the Aliquippa area. He said that 40 percent of the cost of the proposed hospital would be provided by the Federal Government.

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 212, is as follows:

"Whenever articles of incorporation for the incorporation of a nonsectarian hospital or other nonsectarian charitable or eleemosynary institution or society, in which indigent persons are treated or are to be treated or maintained, are filed with the prothonotary, he shall forthwith transmit the articles to the Department of Welfare of the Commonwealth. Thereupon, the department shall make a thorough investigation as to the need for such a corporation in the community wherein the work of the corporation is to be carried on, and, within sixty days, shall certify upon the articles whether or not the needs of the community wherein the work of the corporation is to be carried on require

the incorporation of such hospital, institution or society, and the reasons for its conclusion. The court shall not approve such application unless and until the articles are returned by the department, and unless the department shall certify that the incorporation of such hospital, charitable or eleemosynary institution or society is required by the needs of the community in which its work is to be carried on. The certification of the department as to such necessity shall be conclusive upon the court."

Filed with the papers is a certificate by the Deputy Secretary of Welfare, under date of December 24, 1949, finding that the needs of the community wherein it is proposed to carry on the work of the proposed corporation do not require the services of Aliquippa Hospital, and the articles of incorporation are not approved. Filed with the papers is a certificate of William C. Brown, Secretary of Welfare, under date of January 9, 1950, as follows: "Information received since the close of our investigation indicated the advisability of reconsideration of the articles of incorporation of the Aliquippa Hospital Association. This information shows that the citizens of Aliquippa are desirous of having a hospital, therefore, approval of the articles of incorporation is hereby set forth."

The statute provides that "the certificate of the department as to such necessity shall be conclusive upon the court." The statutory mandate supported by the certificate of the Secretary of Welfare is conclusive as to the needs of the community.

The Nonprofit Corporation Law, supra, as amended June 20, 1947, P. L. 642, sec. 1, is as follows:

"On the day specified in the advertisement, or as soon thereafter as the matter may be heard, the incorporators shall present an application for a charter to the court, and shall present to the court the articles of incorporation, proof of the advertisement required by

the preceding section, and the certificate of the Department of State pertaining to the registration of the corporate name. The court shall consider the application. It may hear evidence, if any there be, on behalf of the applicants and against the application, or it may refer the application to a master to make report as to the propriety of granting the application. In such case, upon the filing of the master's report, the court shall grant the applicants and protestants a hearing, if exceptions are filed by either of them. If the court shall find the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community, and that the name is presently available for corporate use, as evidenced by certificate from the Secretary of the Commonwealth issued within six months, the court shall so certify on the articles, and shall order and decree thereon, that the articles are approved and that, upon the recording of the articles and the order, the corporation shall come into existence for the purpose or purposes and upon the terms stated therein; otherwise, the court shall refuse the application for a charter."

We find as a fact that the articles of incorporation in the instant case are in proper form and within the provisions of the act. The purposes given in the articles are lawful and not injurious to the community. The proposed name is presently available for corporate use as evidenced by the certificate of the Secretary of the Commonwealth. Required proofs of publication of the intention to apply for a charter have been submitted.

Finding these facts, the statute requires the court to order and decree that the articles be approved.